## Case No. 17,366.

### In re WELCH.

[5 Ben. 230; [1] 5 N. B. R. 348.]

District Court, S. D. New York. June, 1871.

#### BANKRUPTCY—EXEMPTIONS.

Under the words "articles" and "necessaries," in section 14th of the bankruptcy act [14 Stat. 522], money cannot be set apart by the assignee to the bankrupt, unless such money is the proceeds of specific things which ought to be set apart under the head of "articles" and "necessaries."

[Cited in Re Hay, Case No. 6,253.]

[In the matter of William Welch, a bankrupt.]

The register in this case certified to the court, that the assignee had been requested by the bankrupt to set apart to him such property as he was entitled to, under the provisions for exempt property in the bankruptcy act; that the property mainly consisted of "dry and fancy goods;" that, thereupon, the assignee set apart two suits of clothes, three shirts and a cook stove, valued at $16.50, but declined to set apart any of said dry and fancy goods; that the assignee then sold all "the property of the bankrupt not so exempt," for $1,333.42; and that, thereupon, the bankrupt requested the assignee to set off and allow to him out of the proceeds of such sale a sum sufficient to make the amount of exemption $500, which the assignee declined to do. The register, on request of the assignee and the bankrupt, certified the question to the court.

BLATCHFORD, District Judge. Until I know what the "dry and fancy goods" were, by items and description, that were sold, and what was the property of said bankrupt that was sold, it is impossible for me to judge whether such goods and property come within the description, in section 14, of "other articles and necessaries of such bankrupt," so as to make it proper to set them apart, and, if sold, their proceeds. But I do not think that, under the word "articles," or the word "necessaries," money can be set apart, unless such money is the proceeds of specific things which could and ought to be set apart under the head of "other articles and necessaries of such bankrupt."

[See Case No. 17,367.]

WEITZEL (CALDWELL v.). See Case No. 2,306.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]